FILED
MAY 30 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH DIANE FLETCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-01069-UNA |
| ) | |
| ) | |
| DEPARTMENT OF HUD ) | |
| FIELD OFFICE MANAGER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

The plaintiff, a resident of the District of Columbia, brings claims against the U.S. Department of Housing and Urban Development, also located in the District of Columbia. Plaintiff alleges that in 2011, the defendant and/or its employees allegedly mailed her some sort of a stipend for purchase of a home. [Compl. at ¶ 1]. Now, approximately seven years later, the plaintiff raises allegations that the defendant either failed to mail her said check, or mailed the check to the wrong address. [Compl. at ¶¶ 1-2]. Plaintiff seeks the information about the circumstances surrounding the mailing of the check and the identities of any individuals who may have received and cashed the check. [Compl. at ¶ 2]. In the alternative, plaintiff requests that the defendant reissue the check. *See id.*

1

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has neither pled a specific amount in controversy nor offered a specific statement upon any federal question she intends to rely. Furthermore, the plaintiff has not satisfied her burden to establish diversity jurisdiction. Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: May 29, 2018

United States District Judge